UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEANINE P. COHEN,                                         :

       Plaintiff,                                                    :

- against –                                                               :          **COMPLAINT & JURY DEMAND**

WESTLAKE FLOORING SERVICES, INC., WEST-      :
LAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL       Civil Case No.
SERVICES, WESTLAKE FLOORING COMPANY LLC,  :
THE HANKEY GROUP, JONATHAN ZHAN, SVP OF
Westlake Flooring Company, LLC, in his corporate and     :         _____
individual capacities, JENNIFER FIORE, Director of Sales
& Field Operations at Westlake Flooring Company, LLC, in:
her corporate and individual capacities, MEGAN FELD-
METH, Human Resources Director for Westlake Financial :
Services, in her individual and corporate capacities, and
JOHN DOES 1 through 10, in their individual and corporate:
capacities,
                                                                                               :

       Defendants.
------------------------------------------------------------------------X

      By and through her counsel, Jimmy M. Santos, Esq., of the LAW OFFICES OF JIMMY M. SANTOS, PLLC, plaintiff, Ms. Jeanine P. Cohen, hereby avers against defendants:

## I.     THE PARTIES, JURISDICTION & VENUE

      1.     Plaintiff Jeanine P. Cohen ("Plaintiff" or "Ms. Cohen") is a forty-one (41) year old female.  She resides at 83 Helen Drive, Wappinger Falls, Dutchess County, NY 12590.

      2.     At all relevant times, defendants WESTLAKE FLOORING SERVICES, INC. and WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL, WESTLAKE FLOORING COMPANY LLC and THE HANKEY GROUP (collectively hereinafter as

1

"WESTLAKE") constituted as a "joint employer" and/or "single enterprise" employer of Ms. Cohen and each entity (separately) had twenty (20) or more employees.

3. At all relevant times, all the entities which constitute WESTLAKE were Plaintiff's "joint employer" and/or "single enterprise" employer since all these entities shared: common control over WESTLAKE'S business operations, common management over WESTLAKE employees, including Ms. Cohen, a common business, and common ownership.

4. At all relevant times, WESTLAKE was Plaintiff's employer as that term is found and defined under the Equal Pay Act of 1963, 29 USC 206, §§, *et seq.* (the "EPA" or "Equal Pay Act"), and Title VII of the Civil Rights Act of 1964, as amended, 42 USC §§ 2000e, *et seq.* (or, "Title VII").

5. As such, and at all relevant times, WESTLAKE was Ms. Cohen's "employer" within the meaning of that term under the NYS Equal Pay Act ("NYSEPA") and NYS Human Rights Law ("NYSHRL").

6. At all relevant times, defendant THE HANKEY GROUP was "[h]eadquartered in Los Angeles, California, Hankey Group [and] is comprised [and the parent organization] of seven operating companies specializing primarily in the automotive, finance, technology, real estate, and insurance industries", including WESTLAKE FLOORING SERVICES, INC., WESTLAKE SERVICES LLC, WESTLAKE FLOORING COMPANY LLC.

7. As per WESTLAKE's [specifically that of Westlake Flooring Services's] website states: "Westlake Flooring Services was established in 2013 as a division of Westlake Financial Services – the leading lender for independent and franchise dealerships [and] [f]ounded as a way to provide both independent and franchise dealers floor plan lines of credit; Westlake Flooring

strives to suit any business's needs [sic] Westlake Flooring has financed over 190,000 vehicles for more than 2,500 dealerships in over 46 states."

*See*, https://www.westlakeflooringservices.com/about/

8. WESTLAKE's corporate headquarters is located at 4751 Wilshire Blvd #100, Los Angeles, CA 90010.

9. At all relevant times, upon information and belief, WESTLAKE, in tandem, were corporate and/or business entities created under the laws of the States of New York, California, Delaware and/or the United States.

10. At all relevant times, Ms. Cohen directly reported to defendant JENNIFER FIORE, Director of Sales & Field Operations, ("FIORE") at Westlake Flooring Company, LLC. Plaintiff is suing FIORE in her corporate and individual capacities under the NYSHRL.

11. At all relevant times, FIORE had the authority and power to affect the terms and conditions of Plaintiff's employment, as well as the terms and conditions of the employment of Complainant's male counterparts who was supervised and, upon information and belief, continues to supervise them at WESTLAKE.

12. At all relevant times, defendant JONATHAN ZHAN ("ZHAN"), served as SVP OF Westlake Flooring Company, LLC, and to whom Fiore reported. Plaintiff is suing Zhan in his corporate and individual capacities.

13. At all relevant times, ZHAN had the authority and power to affect the terms and conditions of Plaintiff's employment, as well as the terms and conditions of the employment of Plaintiff's male counterparts who were supervised and, upon information and belief, continues to supervise them at WESTLAKE.

14. At all relevant times, defendant MEGAN FELDMETH ("FELDMETH"), served as Human Resources Director for WESTLAKE FINANCIAL SERVICES, ZHAN had the authority and power to affect the terms and conditions of Plaintiff's employment, as well as the terms and conditions of the employment of Plaintiff's male counterparts.

15. At all relevant times, upon information and belief, defendants FIORE, ZHAN, FELDMTH and JOHN DOES 1 through 10 (whose identities are unknown at this time) (collectively, the "Individual Defendants") directly participated in the disparate treatment against plaintiff due to Ms. Cohen's gender/ sex (female), and for complaining about pay disparities between WESTLAKE male employees who were similarly-situated to her, in violation of the New York Labor Law §§ 194, *et seq.* (the NYS Equal Pay Act, or the ["NYSEPA"]) and the New York Executive Law §§ 290, *et seq.*, i.e., (or the "NYSHRL").

16. At all relevant times, upon information and belief, the Individual Defendants made decisions, aided and abetted in, and/or played a role in the decisions which adversely affected the terms and conditions of Ms. Cohen's employment at WESTLAKE due:

(a) in whole or substantial part, to her sex/ gender (female); *and*

(b) in whole or substantial part, to her complaining about the disparate/ inferior treatment that she experienced between Plaintiff in comparison to her similarly-situated male co-workers (the rest of WESTLAKE's Regional Sales Directors).

17. At all relevant times, Plaintiff was not required to exhaust any administrative remedy as to her claims of unequal pay under the EPA and NYSEPA.

18. The jurisdiction of this Court over Plaintiff's claims under the EPA and Title VII are invoked pursuant to 29 USC §§ 206, *et seq.*, 42 USC §§ 2000e, *et seq.*, (Title VII") and under 42 USC §§ 1331 and 1343.

19. The jurisdiction of this Court over Plaintiff's claims under the NYSHRL and NYSEPA is invoked pursuant to 28 USC sec. 1367(a) since Plaintiff's federal and NY state law claims all stem "from the same nucleus of operative fact".

20. Prior to filing this Complaint with this Court, with respect to Plaintiff's claims of unlawful discrimination under Title VII, Plaintiff received a right to sue letter on July 12, 2022 from the EEOC, and commenced this action within ninety (90) days of the issuance of the same. Attached hereto is a true and accurate copy of Plaintiff's 07/07/22 right to sue letter received from the EEOC.

21. Venue is proper in this judicial district (the "SDNY") since all of Defendants' unlawful employment practices and decisions alleged herein, and/or their adverse effects from these practices and/or decisions on the terms and conditions of Plaintiff's employment with WESTLAKE were committed and/or occurred within this judicial district.

## II.    FACTUAL ALLEGATIONS AS TO PLAINTIFF'S CLAIMS

22. On or about May 4, 2015, WESTLAKE hired Ms. Cohen to serve as Area Manager, Sales for the Northeast Region at a starting annual salary of $60,000.00, and with a guaranteed bonus of $2,000.00 per month for the first three (3) months of Ms. Cohen's employment.

23. At all relevant times, Ms. Cohen performed her job duties in a highly satisfactory, competent and professional manner.

24. Prior to becoming a Regional Manager, in or about 2017, the former Vice President promoted to a Senior Area Manager.

25. In or about January 2020, due to Ms. Cohen's exceedingly well performance, WESTLAKE promoted Ms. Cohen from her Senior Area Manager position to the Regional Manager, Northeast Region.

26. At all relevant times, during the entire time that Ms. Cohen worked for WESTLAKE, her work performance exceeded expectations, and she worked in a highly satisfactory and professional manner.

27. In or about December 2020, the Individual Defendants began the process of setting up a "realignment" of the regional areas which was not only discriminatory as to Ms. Cohen's ability to earn the same or more pay in comparison to all the male Regional Managers, but also had a discriminatory impact on Plaintiff, the only female Regional Manager.

28. Unlike the Individual Defendants' more favorable treatment of their male Regional Managers, the Individual Defendants allowed closed accounts from region and/or regions of male Regional Managers to be moved to and counted in Ms. Cohen's portfolio/ region which negatively affected Ms. Cohen's pay (and of which she complained to FIORE and ZHAN).

29. Specifically, in or about January 2020, the Individual Defendants moved closed accounts from a male Regional Manager's region (which would/ did increase his pay) to Ms. Cohen's region which resulted in Plaintiff getting lesser pay than most or all of Plaintiff's male counterparts. Ms. Cohen advised about this both in or about the summer of 2019 and in or about December 2021 to FIORE and ZHAN.

30. In or about January 2000, the Individual Defendants also gave male Regional Managers larger territories than that given to Ms. Cohen which resulted in her getting less pay than her male counterparts of which Ms. Cohen complained to FIORE and ZHAN.

31. In the summer of 2019, the Individual Defendants gave most or all of the male Regional Managers larger territories than the territories left to Ms. Cohen whose territory was actually cut by twenty five percent (25%) which did and/or would result in her getting less pay than her male counterparts. Ms. Cohen also complained about this to FIORE and ZHAN in the Summer of 2019 and on December 31, 2020. Attached hereto as exhibit 2 is an email exchange between Ms. Cohen to Zhan on December 31, 2020.

32. Defendants FIORE and ZHAN allowed another REGIONAL MANAGER to keep accounts in my territory that were active but once he closed them moved to under my name which inflated his numbers resulting in him getting greater pay.

33. Upon information and belief, Ms. Cohen had the same, substantially the same, or more years of work experience as a REGIONAL MANAGER at WESTLAKE in comparison to her male REGIONAL MANAGERS counterparts.

34. Upon information and belief, Ms. Cohen had the same, substantially the same and/or better qualifications, in terms of education and training, to serve as a REGIONAL AMANGER at WESTLAKE in contrast to her male REGIONAL MANAGERS.

35. At all relevant times, Plaintiff directly reported to reported to FIORE, who, in turn, reported to ZHAN.

36. At all relevant times, both Ms. Cohen and her male REGIONAL DIRECTOR counterparts were responsible for a full range of professional duties for WESTLAKE.

37. At all relevant times, since in or about January 2020 when Ms. Cohen was promoted to the position of REGIONAL MANAGER, Plaintiff and her male REGIONAL MANAGER counterparts performed the same, and/or substantially the same job duties and functions at WESTLAKE, which included but were not limited to:

(a) Coaching, leading and developing Area Managers;

(b) Responsible for managing persons in outside sales within the assigned region;

(c) assisting with hiring and training new Area Managers;

(d) presenting and selling company products and services to current and potential clients;

(e) preparing action plans and schedules to identify specific targets and to project the number of contacts to be made;

(f) identifying sales prospects and contact these and other accounts as assigned;

(g) developing and maintaining sales materials and current product knowledge;

(h) establishing and maintaining current client and potential client relationships;

(i) managing Area Managers through quality checks and other types of follow-up;

(j) identifying and resolving client concerns;

(k) preparing a variety of status reports, including activity, closings, follow-up, and adherence to goals;

(l) communicating new product and service opportunities, special developments, information, or feedback gathered through field activity to appropriate WESTLAKE staff;

(m) participating in marketing events such as seminars, trade shows,

        and telemarketing events.

(n)    traveling required throughout the assigned territory; *and*

(o)    other duties as assigned.

38.    At all relevant times, Ms. Cohen had the requisite education and/or experience to serve as a WESTLAKE REGIONAL MANAGER (including, but not limited to):

(a)    having a minimum of five (5) years sales management experience;

(b)    having more than the required energy, motivation, and excellent verbal and written communication skills; *and*

(c)    being knowledgeable of Microsoft Office, Excel, PowerPoint and various sales software.

39.    As evidence of the disparate treatment to which Plaintiff was subjected due to her being a female, Ms. Cohen had the same or substantially the same or greater workload in comparison to her male REGIONAL MANAGER counterparts.

40.    For most of 2020, Ms. Cohen ranked higher than most of the male REGIONAL MANAGER counterparts on the "Regional Ranking Report".

41.    Upon information and belief, as a pattern and/or practice, WESTLAKE has a pattern and practice of paying and pays its male REGIONAL MANAGERS and AREA MANAGERS (or "MANAGERS") more than its female MANAGERS.

42.    On several occasions, FIORE stated, in sum and substance, that it is better that women "have a husband" on whom they can rely financially, which is a stereotype with regards to female versus male roles in the workplace.

43. After Ms. Cohen complained about the negative impact the Individual Defendants' "re-alignment" was and/or would lead to a lesser opportunity to maximize her pay in comparison to her male REGIONAL MANAGER counterparts, on January 26, 2021, Defendants terminated Plaintiff's employment at WESTLAKE.

44. The reasons given by the Individual Defendants for Ms. Cohen's termination are false and mere pretext for gender discrimination, and retaliation for Ms. Cohen's complaints regarding the disparity in compensation between her (the only female) and her male REGIONAL MANAGER counterparts.

45. As a result of Defendants' gender discrimination and retaliation against the Plaintiff, Ms. Cohen has, and will likely continue to, suffer significant economic consequences, including lost back and front wages, as well as physical sickness and emotional distress.

46. Defendants' actions were malicious, wanton and require that Defendants be punished and deterred by awarding Plaintiff significant punitive and/or liquidated damages.

47. Defendants' disparate treatment based on Plaintiff's gender and retaliatory termination of Ms. Cohen's employment were intentional and done with malice in violation of the NYSEPA, EPA, Title VII and the NYSHRL.

### AS FOR PLAINTIFF'S 1st CAUSE OF ACTION AS AGAINST DEFENDANT WESTLAKE UNDER THE NYS EQUAL PAY ACT & EQUAL PAY ACT

48. Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 47 above.

49. As set forth in more detail above, WESTLAKE, through its employees' intentional acts, paid Plaintiff significantly less than her male REGIONAL MANAGER counterparts despite the fact that Plaintiff and her male counterparts had/have the same or

substantially the same work experience, Plaintiff and her male counterpart perform/ performed the same or substantially the same job duties, and Plaintiff and her male counterpart worked/ work under the same or substantially the same conditions, in violation of the NYSEPA and Equal Pay Act.

### AS AND FOR PLAINTIFF'S 2ND CAUSE OF ACTION AGAINST DEFENDANT WESTLAKE FOR DISPARATE TREATMENT AND PAY BASED ON HER GENDER UNDER TITLE VII

50. Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 49 above.

51. As set forth in more detail above, WESTLAKE, through its employees' intentional acts, subjected Plaintiff to inferior terms and conditions of her employment on the basis of her gender, and paid Plaintiff significantly less than her male REGIONAL MANAGER counterparts despite the fact that Plaintiff and her male counterparts have and continue to have the same or substantially the same work experience, Plaintiff and her male counterparts performed and continue to perform the same or substantially the same job duties, and Plaintiff and her male counterpart work under the same or substantially the same conditions, in violation of Title VII.

### AS AND FOR PLAINTIFF'S 3RD CAUSES OF ACTION AGAINST WESTLAKE FOR RETALIATING AGAINST PLAINTIFF FOR COMPLAINING ABOUT GETTING UNEQUAL PAY FOR EQUAL PAY ACT UNDER TITLE VII & THE EPA.

52. Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 51 above.

53. As set forth in more detail above, WESTLAKE retaliated against Plaintiff for her opposing and complaints of unlawful gender discrimination and unequal pay for equal work in comparison to her male REGIONAL MANAGER counterparts in violation of both the NYSEPA, Title VII, and the EPA.

### AS FOR PLAINTIFF'S 4th CAUSES OF ACTION AGAINST ALL DEFENDANTS UNDER THE NYS EQUAL PAY ACT & NYSHRL

54. Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 53 above.

55. As set forth in more detail above, all defendants intentionally paid Plaintiff significantly less than her male REGIONAL MANAGER counterparts despite the fact that Plaintiff and her male counterparts had/have the same or substantially the same work experience, Plaintiff and her male counterpart perform/ performed the same or substantially the same job duties, and Plaintiff and her male counterpart worked/ work under the same or substantially the same conditions, in violation of the NYS Equal Pay Act and NYSHRL.

### AS AND FOR PLAINTIFF'S 5TH CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR THIR DISPARATE TREATMENT AND PAY BASED ON HER GENDER UNDER THE NYSHRL

56. Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 55 above.

57. As set forth in more detail above, through all defendants' intentional acts, defendants subjected Plaintiff to inferior terms and conditions of her employment on the basis of her gender, and paid Plaintiff significantly less than her male REGIONAL MANAGER

counterparts despite the fact that Plaintiff and her male counterparts have and continue to have the same or substantially the same work experience, Plaintiff and her male counterparts performed and continue to perform the same or substantially the same job duties, and Plaintiff and her male counterpart work under the same or substantially the same conditions, in violation of the NY EQUAL PAY ACT and NYSHRL.

### AS AND FOR PLAINTIFF'S 6TH CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR RETALIATING AGAINST PLAINTIFF FOR HER COMPLAINING ABOUT THE UNLAWFUL GENDER DISCRIMINATION TO WHICH SHE WAS SUBJECTED UNDER THE NYSHRL

58. Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 57 above.

59. As set forth in more detail above, all defendants retaliated against Plaintiff for her opposing and complaining about the unlawful gender discrimination and unequal pay for equal work in comparison to her male REGIONAL MANAGER counterparts in violation of the NYSHRL.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court empanel a jury of her peers, and enter judgment against defendants as follows, and in an amount to be determined at trial, inclusive but not limited to:

(a) an award of damages for all back and front wages, in an amount to be determined at trial, owed Plaintiff due to her receiving less pay than her male counterpart for

equal work, and her being subjected to gender discrimination under the EPA, Title VII, the NYS EQUAL PAY ACT and/or the NYSHRL;

   (b) an award of full compensatory damages as against defendants for their unlawful discriminatory acts against her in an amount to be determined at trial, including payment for Plaintiff suffering from significant physical and mental distress and injury, mental anguish, humiliation, and embarrassment from defendants' unlawful discriminatory acts under the EPA, Title VII, the NYS EQUAL PAY ACT and/or the NYSHR;

   (c) an award of liquidated and/or punitive damages in an amount to be determined at trial as against defendants for their unlawful discriminatory and retaliatory acts against Plaintiff under the EPA, Title VII, the NYS EQUAL PAY ACT and/or the NYSHR;

   (d) an award of Plaintiff's reasonable attorney's fees and the costs of prosecuting this action under 42 USC sec. 1988, the Equal Pay Act, Title VII, NYS EQUAL PAY ACT, and NYSHRL; *and*

   (e) any such other and further relief that this Court may deem just and proper.

Dated: August 21, 2022
   Cornwall, New York

         Respectfully Submitted,

         *Jimmy M. Santos*
         _____.
         Jimmy M. Santos, Esq. (JS-0947)
         LAW OFFICES OF JIMMY M. SANTOS, PLLC
         28 Wilson Place
         Cornwall, New York 12518
         Telephone: (845) 537-7820
         Fax: (845) 595-2266
         Email: jmssesq@gmail.com
         *Attorney for Plaintiff Jeanine P. Cohen*