# EXHIBIT 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Jeanine P. Cohen | (914) 482-3358 | May 9, 1981 |

Street Address: 83 Helen Drive, Wappinger Lanes, Dutchess County, NY 12590

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| WESTLAKE FLOORING SERVICES, et al | 20 plus (+) | (855) 493-7355 |

Street Address: 4751 Wilshire Blvd #100, Los Angeles, CA 90010

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| please see attached complaint for the identified individual respondents | | |

Street Address: c/o WESTLAKE FLOORING SERVICES, et al (see above)

DISCRIMINATION BASED ON (Check appropriate box(es)):
☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Jan 2, 2020   Latest: Jan 26, 2021

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

PLEASE SEE THE ATTACHED COMPLAINT DATED March 23, 2021

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Mar 23, 2021

[signature]

[notary seal]

jual Employment Opportunity Commission
w York District Office
ceived 4/12/2021

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK REGIONAL OFFICE
------------------------------------------------------------------------X
JEANINE P. COHEN,                                                       :

       Complainant,                    :

  - against –                                                   :    **EEOC CHARGE NO.**

WESTLAKE FLOORING SERVICES, INC., WEST-                                 :
LAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL
SERVICES, WESTLAKE FLOORING COMPANY LLC,                                :
THE HANKEY GROUP, JONATHAN ZHAN, SVP OF
Westlake Flooring Company, LLC, in his corporate and                    :
individual capacities, JENNIFER FIORE, Director of Sales
& Field Operations at Westlake Flooring Company, LLC,                   :
in her corporate and individual capacities, MEGAN FELD-
METH, Director of Human Resources for The Hankey                        :
Group, in her corporate and individual capacities, and
JOHN DOES 1 through 10, in their corporate and individ-                 :
ual capacities,
                                                                        :
       Respondents.
------------------------------------------------------------------------X

      By and through her counsel, Jimmy M. Santos, Esq., of the LAW OFFICES OF JIMMY M. SANTOS, PLLC, complainant, Ms. Jeanine P. Cohen, hereby avers against respondents:

### I.    THE PARTIES

    1.    Complainant Jeanine P. Cohen ("complainant" or "Ms. Cohen") is a thirty-nine (39) year old female. She resides at 83 Helen Drive, Wappinger Lanes, Dutchess County, NY 12590.

    2.    At all relevant times, respondents WESTLAKE FLOORING SERVICES, INC. and WESTLAKE LAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL, and THE HANKEY GROUP (collectively herein as "WESTLAKE") constitute a "joint employer" and/or

2

"single enterprise" and each entity had twenty (20) or more employees since the three (3) entities share: common control over business operations, common management over WESTLAKE employees, including Ms. Cohen, a common business purpose, and common ownership.

3.  As such, and at all relevant times, WESTLAKE was Ms. Cohen's "employer" within the meaning of that term under Title VII and the NYS Human Rights Law ("NYSHRL".

4.  As per a WESTLAKE webpage [specifically, that of Westlake Flooring Services's] states: "Westlake Flooring Services was established in 2013 as a division of Westlake Financial Services – the leading lender for independent and franchise dealerships [sic] [was [f]ounded as a way to provide both independent and franchise dealers floor plan lines of credit; Westlake Flooring strives to suit any business's needs [and has] [sic] has financed over 190,000 vehicles for more than 2,500 dealerships in over 46 states."
*See*, https://www.westlakeflooringservices.com/about/

5.  WESTLAKE's corporate headquarters is located at 4751 Wilshire Blvd #100, Los Angeles, CA 90010.

6.  At all relevant times, upon information and belief, WESTLAKE are corporate and/or business entities created under the laws of the States of New York, California and/or Delaware and/or the United States.

7.  At all relevant times, Ms. Cohen directly reported to respondent JENNIFER FIORE, Director of Sales & Field Operations, ("Fiore") at Westlake Flooring Company, LLC. Complainant is suing Fiore in her corporate and individual capacities.

8.  At all relevant times, Respondent JONATHAN ZHAN ("Zahn"), served as SVP OF Westlake Flooring Company, LLC, and to whom Fiore reported. Complainant is suing Zhan in his corporate and individual capacities.

9. At all relevant times, Respondent MEGAN FELDMETH ("Feldmeth"), served as Director of Human Resources for The Hankey Group, and one to whom Ms. Cohen made complaints about the pay disparities between Ms. Cohen's pay and that of the male Regional Managers.

10. At all relevant times, upon information and belief, respondents Fiore, Zhan, Feldmeth, and JOHN DOES 1 through 10 (whose identities are unknown at this time) (collectively, the "Individual Respondents") directly participated in the disparate treatment against the Complainant due to Ms. Cohen's gender/ sex (female), and for complaining about pay disparities between WESTLAKE male employees who were similarly-situated to her and that of Ms. Cohen in violation of Title VII and the New York Executive Law §§ 290, *et seq.*, i.e., (or the "NYSHRL").

11. At all relevant times, upon information and belief, the Individual Respondents made decisions, aided and abetted in, and/or played a role in the decisions to adversely affect the terms and conditions of Ms. Cohen's employment at WESTLAKE due:

(a) in whole or substantial part, to her sex/ gender (female); *and*

(b) in whole or substantial part, to her complaining about the disparate/ inferior treatment that she experienced between Complainant in comparison to her similarly-situated male co-workers (the rest of the Regional Sales Directors).

### CLAIMS FOR DISPARATE TREATMENT & COMPLAINTS ABOUT DISPARATE PAYMENT BETWEEN MS. COHEN VIS-À-VIS HER MALE COUNTERPARTS

12. On or about May 4, 2015, WESTLAKE hired Ms. Cohen to serve in the position as Area Manager, Sales for the Northeast Region at a starting annual salary of $60,000.00, and a guaranteed bonus of $2,000.00 per month for the first three months of Ms. Cohen's employment.

2

Equal Employment Opportunity Commission
New York District Office
Received 4/12/2021

13. At all relevant times, Ms. Cohen performed her job duties in a highly satisfactory, competent and professional manner.

14. At all relevant times, due to Ms. Cohen's exceedingly well performance, in or about January 2020, WESTLAKE promoted Ms. Cohen from her Area Manager position to the Regional Manager, Northeast Region.

15. At all relevant times, during the entire time that Ms. Cohen worked for WESTLAKE, her work performance exceeded expectations, and worked in a highly satisfactory and professional manner.

16. Nevertheless, around the same time, the Individual Respondents gave more portfolio to each of the male Regional Managers, except for one.

17. Moreover, in or about January 2021, the Individual Respondents again cut Ms. Cohen's portfolio and territory by twenty-five percent (25%) and gave more territory to each of the male Regional Managers, except for one but who WESTLAKE paid more than the Complainant.

18. In or about December 2020, the Individual Respondents began the process of setting up a "realignment" of the regional areas which was not only discriminatory as to Ms. Cohen's ability to earn the same or more pay in comparison to all the the male Regional Managers, but also had a discriminatory impact on Complainant, the only female Regional Manager.

19. Unlike their more favorable treatment of male Regional Managers, the Individual Respondents allowed closed accounts from region and/or regions of male Regional Managers to be moved to and counted in Ms. Cohen's portfolio/ region which negatively affected Ms. Cohen's pay (and of which she complained to Fiore, Zhan, and Feldmeth).

Equal Employment Opportunity Commission
New York District Office
Received 4/12/2021

From: Jimmy Sant

20. Specifically, in January 2020, the Individual Respondents moved closed accounts from a male Regional Manager's region (which would/ did increase his pay) to Ms. Cohen's region which resulted in Complainant getting lesser pay than most or all of Complainant's counterparts. Ms. Cohen complained about this in or about late December 2020 to when she was terminated on January 26, 2021 to Fiore, Zhan and Feldmeth.

21. In or about December 2020, the Individual Respondents also gave male Regional Managers larger territories than that given to Ms. Cohen which resulted in her getting less pay than her male counterparts of which Ms. Cohen complained to Fiore, Zhan, and Feldmeth.

22. In or about December 2020, the Individual Respondents gave most or all of the male Regional Managers larger territories than that left to Ms. Cohen whose territory was actually cut by twenty five percent (25%) which did and/or would result in her getting less pay than her male counterparts. Ms. Cohen also complained about this to Fiore and Zhan on or about December 31, 2020. **Attached hereto as exhibit 1** is an email exchange between Ms. Cohen to Zhan on December 31, 2020.

23. In or about December 2020, Fiore sabotaged Ms. Cohen by singling her out to get more applications of which she didn't ask the same from the male Regional Managers.

24. For most of 2020, Ms. Cohen ranked higher than most on the "Regional Ranking Report".

25. Upon information and belief, WESTLAKE pays its male Regional Managers and Area Managers ("Managers") more than WESTLAKE pays its female Managers.

26. On several occasions, Fiore stated, in sum and substance, that it is better that women "have a husband" on whom they can rely financially, which is a stereotype on female versus male roles in the workplace.

27. On July 23, 2020, Fiore texted that:

"It's a very big accomplishment to buy a house by yourself. I don't
Know many women who do it be themselves."

**Attached hereto as exhibit 2 is a copy of the text from Fiore to Ms. Cohen**

28. After Ms. Cohen complained about the negative impact the Individual Respondents' "re-alignment" was and/or would lead to a lesser opportunity to maximize her pay in comparison to her male counterparts, on January 26, 2021, respondents terminated Complainant's employment at WESTLAKE.

29. The reasons given by the Individual Respondents for Ms. Cohen's termination are false and mere pretext for gender discrimination, and for retaliation for Ms. Cohen's complaints regarding the disparity in compensation between her (the only female) and her male counterparts.

30. As a result of respondents' discrimination and retaliation against the complainant, Ms. Cohen has, and will likely continue to, suffer significant economic consequences, including lost back and front wages, as well as physical sickness and emotional distress.

31. Respondents' actions were malicious and wanton and require that Respondents be punished and deterred through a significant award of punitive damages.

32. Respondents' disparate treatment and retaliatory termination of Ms. Cohen's employment were intentional and in violation of Title VII and the NYSHRL.

33. Complainant designates Jimmy M. Santos, Esq. of the LAW OFFICES OF JIMMY M. SANTOS, PLLC, 28 Wilson Place, Cornwall, Orange County, New York 12518, telephone number: (845) 537-7820, as her counsel in this case and requests that the EEOC propound any requests of her through her counsel.

Equal Employment Opportunity Commission
New York District Office
Received 4/12/2021

Dated: March 23, 2021
Cornwall, New York

Respectfully Submitted,

*Jimmy M. Santos*

Jimmy M. Santos, Esq.
LAW OFFICES OF JIMMY M. SANTOS, PLLC
28 Wilson Place
Cornwall, New York 12518
Telephone: (845) 537-7820
Fax: (845) 595-2266
Email: jmssesq@gmail.com
<u>Attorney for Complainant Jeanine P. Cohen</u>