UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEANINE P. COHEN,                                               :

       Plaintiff,                                                   :

  -  against –                                                     :   **MEMORANDUM OF**
                                                                                     **LAW IN OPPOSITION**

WESTLAKE FLOORING SERVICES, INC., WEST-                         :
LAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL                         Civil Case No.
SERVICES, WESTLAKE FLOORING COMPANY LLC,   :
THE HANKEY GROUP, JONATHAN ZHAN, SVP OF                         22-CV-07182 (VB)
Westlake Flooring Company, LLC, in his corporate and            :
individual capacities, JENNIFER FIORE, Director of Sales
& Field Operations at Westlake Flooring Company, LLC, in:
her corporate and individual capacities, MEGAN FELD-
METH, Human Resources Director for Westlake Financial :
Services, in her individual and corporate capacities, and
JOHN DOES 1 through 10, in their individual and corporate:
capacities,
                                                                :
       Defendants.
------------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION, IN PART, TO
DEFENDANTS' MOTION TO COMPEL**

                                                               Submitted By:

                                                               Jimmy M. Santos, Esq. (JS-0947)
                                                              LAW OFFICES OF JIMMY M. SANTOS, PLLC
                                                              28 Wilson Place
                                                               Cornwall, New York 12518
                                                               Phone: (845) 537-7820
                                                               Fax:   (845) 595-2266
                                                               Email: jmssesq@gmail.com
                                                               *Counsel for Plaintiff Jeanine P. Cohen*


Date:   February 10, 2023
           Cornwall, New York

1

## PROCEDURAL HISTORY

On August 23, 2022, Plaintiff Jeanine P. Cohen ("Plaintiff" or "Ms. Cohen") filed her complaint[1] against defendants for various causes of action for gender and pay discrimination under Title VII, the Equal Pay Act (the "EPA"), the NYS Equal Pay Act (the "NYEPA") and the New York State Human Rights Law (the "NYSHRL").

On January 6, 2023, defendants moved to compel arbitration pursuant to an arbitration agreement[2] between the parties dated May 4, 2015. On February 8, 2023, the parties agreed and stipulated[3] that:

> 1. This action be stayed while the parties arbitrate this matter;[4]
>
> 2. Both plaintiff and defendants will decide in the selection of an arbitrator; *and*
>
> 3. The arbitrator will be selected from either the American Arbitration Association ("AAA") or JAMS ADR SERVICES ("JAMS"); *provided that* the arbitration will take place in either Orange, Westchester, Putnam, Dutchess or New York County and/or any other mutually convenient forum.

---

[1] Plaintiff's August 23, 2022 Complaint is attached as exhibit A to the declaration of Jimmy M. Santos dated February 10, 2023 (the "Santos Declaration"). All lettered exhibits referred to herein are attached to the Santos Declaration.

[2] The May 4, 2015 Arbitration Agreement (the "Agreement") is attached to the Santos Declaration as exhibit B.

[3] The parties' stipulation dated February 8, 2023 (the "Stipulation") is attached to the Santos Declaration as exhibit C.

[4] This action can be stayed pending arbitration. Olsen v Charter Communs., 2019 US Dist LEXIS 135439, at *21 [SDNY Aug. 9, 2019, No. 18cv3388 (JGK)])' See Katz v. Cellco P'ship, 794 F.3d 341, 347 (2d Cir. 2015) ("[T]he text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested."), cert. denied, 136 S. Ct. 596, 193 L. Ed. 2d 471 (2015); Consol. Precision Prod. Corp. v. Gen. Elec. Co., No. 15cv8721, 2016 U.S. Dist. LEXIS 62999, 2016 WL 2766662, at *7 (S.D.N.Y. May 12, 2016).

# LEGAL ARGUMENT

### I. THE RESTRICTION ON THE POWER AND/OR AUTHORITY OF THE ARBITRATOR FROM BEING ABLE TO AWARD PLAINTIFF PUNITIVE DAMAGES OR INJUNCTIVE RELIEF IS UNENFORCEABLE AS IT IS AGAINST PUBLIC POLICY AND IT IS UNCONSCIONABLE.

However, Plaintiff seeks that this Court sever as unenforceable two (2) provisions of the Agreement. The first provision which part Plaintiff seeks to sever as it is against public policy and as unconscionable from the Agreement states:

> "The Employer will pay the Arbitrator's fees and all costs associated with the arbitration hearing as described below. Discovery will be more than minimal and will be adequate to permit you to prepare your case for hearing as determined by the arbitrator. The arbitrator will be empowered to grant any type of relief which would be available to Employee or Company in a Superior Court action *with the exception of punitive damages or injunctive relief.*" [5] (emphasis added).

A federal court "will compel arbitration of a statutory claim only if it is clear that 'the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum,' such *that the statute under which its claims are brought 'will continue to serve both its remedial and deterrent function*.'" Begonja v Vornado Realty Trust, 159 F Supp 3d 402, 410 [SDNY 2016]) (emphasis added) (citing *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 125 (2d Cir.2010) (quoting *Mitsubishi*, 473 U.S. at 637)).

Accordingly, moreover, if the "terms of an arbitration agreement served to act 'as a prospective waiver of a party's right to pursue statutory remedies, the Court should have little hesitation *in condemning the agreement as against public policy*.'" Begonja, 159 F Supp 3d at 410 (emphasis added). As the Supreme Court reiterated in Pyett, "*a substantive waiver of*

---

[5] *See*, Section 1 of the Agreement (exhibit B at p. 1).

*federally protected civil rights will not be upheld*" in an arbitration agreement. Id. (emphasis added) (citing *Pyett*, 556 U.S. at 273).

In *Stern v eSpeed, Inc.,* a similar provision was found unconscionable and against public policy where part of an arbitration agreement stated:

> "Unless otherwise required by law, each party must pay its own legal costs and fees in the arbitration (and any related proceeding), *and the arbitrator(s)* (and court in any proceeding related to the arbitration) *may not award special, exemplary, or punitive damages of any kind regardless of the nature or form of the dispute or claim* (and you waive any right you might otherwise have), [sic]" (emphasis added)
>
> Stern v eSpeed, Inc., 2006 US Dist LEXIS 68655, at *10-11 [SDNY Sep. 22, 2006])

In *Stern*, the court held that the law requires that the remedies of punitive damages, attorney's fees and legal costs be available in arbitration. Stern v eSpeed, Inc., 2006 US Dist LEXIS 68655, at *10-11 [SDNY Sep. 22, 2006]) (citing *Desiderio*, 191 F.3d at 205 (holding that "[c]ompulsory arbitration does not defeat the right to compensatory and punitive damages[] or fee shifting" for Title VII plaintiffs)); Espinosa v Snap Logistics Corp, 2018 US Dist LEXIS 232232, at *12 [SDNY Apr. 3, 2018] (where the court [found a clause similar to the provision in this case] to be unenforceable *to the extent that it waive[d] the [p]laintiff's statutory rights under the FLSA . . .* [sic]) (the clause at issue stated: *"[t]he arbitrators will have authority to award actual monetary damages only . . . [n]o punitive or equitable relief is authorized.*") (emphasis added).

In *Espinosa*, the court stated that the Supreme Court has set forth an "effective vindication" exception to the [Federal Arbitration Act] that permits courts to invalidate "on 'public policy' grounds" agreements *that "operat[e] . as a prospective waiver of a party's right to pursue [federal] statutory remedies.*" Espinosa, 2018 US Dist LEXIS 232232, at *12 (emphasis added) (citing *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 235, 133 S. Ct.

4

2304, 186 L. Ed. 2d 417 (2013) (first and (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985)) ("[the Supreme Court] has explained that this exception [to the Federal Arbitration Act] "*would certainly cover a provision in an arbitration agreement forbidding the assertion of certain statutory rights*." Id. at 236 (emphasis added); *and see* Ragone v Atl. Video, 595 F3d 115, 124-125 [2d Cir 2010] ("*Schreiber* directs that "the appropriate remedy" when a court is faced with a plainly unconscionable provision of an arbitration agreement -- one which by itself would actually preclude a plaintiff from pursuing her statutory rights -- "*is to sever the improper provision of the arbitration agreement*") (emphasis added); Crespo v Kapnisis, 2022 US Dist LEXIS 131579, at *12 [EDNY July 23, 2022, No. 21-cv-6963 (BMC)] ("*any waiver of punitive or liquidated damages is also unenforceable, as these waivers subvert the FLSA's statutory scheme.*") (emphasis added); & Martin v SCI Mgt. L.P., 296 F Supp 2d 462, 469 [SDNY 2003].

Thus, as set forth by the Second Circuit in *Ragone v Atl. Video*, the clause in the Agreement excluding an arbitrator from awarding punitive damages and injunctive relief should be severed as unenforceable since the provision is against public policy, the remedial statutory scheme under Title VII, the EPA, the NYEPA, and the NYSHRL, and plainly unconscionable.

## II. THE PROVISION WHICH ONLY ALLOWS DEFENDANTS TO SEEK INJUNCTIVE RELIEF SHOULD BE RENDERED UNENFORCEABLE SINCE THERE LACKS MUTUALITY AND IT IS UNCONSCIONABLE

The second provision [6] of which part Plaintiff seeks to sever as unenforceable due to it being unconscionable and lacking in mutuality states:

---

[6] *See*, Section 2 of the Agreement (exhibit B at p. 1)

> "This Agreement does not apply to or cover claims for workers' compensation benefits; claims for unemployment compensation benefits; *claims by the Company for injunctive and/or other equitable relief for unfair competition and/or the unauthorized disclosure of trade secrets or confidential information*; [sic] . . ." (emphasis added).

Substantive unconscionability focuses on whether the provision is overly harsh or one-sided and is shown if the disputed provision of the contract falls outside the 'reasonable expectations' of the non-drafting party or is 'unduly oppressive.'" Gutierrez v. Autowest, Inc., 114 Cal. App. 4th 77, 88, 7 Cal. Rptr. 3d 267 (2003) (citing *Armendariz*, 24 Cal. 4th at 113-14). A carve-out excluding from arbitration all claims that defendants may have against Plaintiff for preliminary injunctive relief, such as claims "to prevent [Plaintiff] from violating a confidentiality agreement or disclosing trade secrets" is patently unfair and "explicitly unilateral" because it grants defendants — but not Plaintiff — the right to seek injunctive relief in court. Abramson v. Juniper Networks, Inc., 115 Cal. App. 4th 638, 665-66, 9 Cal. Rptr. 3d 422 (2004) (holding that the one-sided provision granting the company but not the employee the right to seek injunctive relief was "entirely lacking in mutuality and basic fairness" and was therefore substantively unconscionable); Haugh v. Barrett Bus. Servs., Inc., 16-CV-02121-VC, 2017 U.S. Dist. LEXIS 29197, 2017 WL 945113, at *1 (E.D. Cal. Mar. 1, 2017) (stating that provision in employment contract allowing only employer to seek injunctive relief "*makes the arbitration provision one-sided to a large extent and therefore reflects a significant degree of substantive unconscionability*") (emphasis added); BERNARDO BUCHSBAUM, individually and on behalf of all others similar situated v. DIGITAL INTELLIGENCE SYSTEMS, LLC., 2020 U.S. Dist. LEXIS 226555 * 14 ("the Arbitration Agreement is unfairly one-sided because it excludes [d]efendant's potential claims for injunctive or equitable relief "[g]iven the disadvantages that

may exist for plaintiffs arbitrating disputes, it is unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee, without at least some reasonable justification for such one-sidedness based on 'business realities.") (citing *Armendariz*, 24 Cal. 4th at 117).

As in *Abramson*, *Haugh*, *Buchsbaum* and *Armendariz*, the Court should render the carve-out allowing only defendants to seek injunctive relief unenforceable on the grounds that it is so one-sided, lacking in mutuality, and reflects a significant degree of substantive unconscionability.

## **CONCLUSIONS**

Based on the foregoing, and on behalf of the Plaintiff, the undersigned asks that the Court sever both the "exclusion of punitive damages" provision and the one-sided "injunctive relief" clause as enforceable on the grounds set forth above, and to stay this action pending arbitration.

Date:   February 10, 2023
        Cornwall, New York

Respectfully Submitted,

LAW OFFICES OF JIMMY M. SANTOS, PLLC

By:   */S/ Jimmy M. Santos*
Jimmy M. Santos, Esq. (JS-0947)
28 Wilson Place
Cornwall, New York 12518
Phone: (845) 537-7820
Fax:   (845) 595-2266
Email: jmssesq@gmail.com
*Counsel for Plaintiff Jeanine P. Cohen*