UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

| JEANINE P. COHEN,<br>    Plaintiff,<br>v.<br><br>WESTLAKE FLOORING SERVICES, INC., *et al.*,<br>    Defendants. | Case No. 7:22 –cv-07182 (VB)<br><br><br>April 3, 2023 |

**RESPONSE TO ORDER DATED MARCH 23, 2023**

**Preliminary Statement**

The undersigned apologizes for the delay in filing his response, but represents to the Court that he did not receive either the original March 23, 2023 Order or the follow-up Order issued on March 31, 2023. The undersigned only discovered the Orders today when independently checking on the status of the case. The undersigned is trying to determine why the Orders were not sent to the email address in the appearance, which is correct, and to correct whatever caused this mishap.

**Substantive Response**

Defendants do not contest the issue regarding an arbitrator's ability to award injunctive relief. In fact, the undersigned advised Attorney Santos that Defendants agreed to that proposal during communication about the stipulation, but that portion of the agreement did not find its way into the stipulation.

Defendants do not agree that the restriction on the award of punitive damages should be severed from the agreement. Moreover, Defendants contend that this is not a matter for the Court to decide.

The FAA does not just empower the court to compel arbitration, but to order arbitration "in accordance with the terms of the agreement." 9 U.S.C. § 4. In determining whether Plaintiff's claims are subject to arbitration, the threshold inquiry is an analysis of the contractual language. *Equal Employment Opportunity Commission v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002)("Absent some ambiguity in the agreement ... it is the language of the contract that defines the scope of disputes subject to arbitration.") See also, *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57 (1995).

Here the agreement expressly and unequivocally requires that all issues about the applicability or enforceability of the Agreement are to be resolved through arbitration. Critically, the EEDRA states:

> "***Any issue or dispute*** concerning the formation, applicability, interpretation ***or enforceability*** of this Agreement, ***including any claim or contention that*** all or ***any part of this Agreement is void or voidable, shall be subject to arbitration*** as provided herein. ***The arbitrator,*** and not any federal, State or local court or agency, ***shall have authority to decide any such issues or disputes***. . . .

EEDRA, Exhibit 2 at para. 6 (emphasis added).

In view of this unequivocal language in the Agreement, the court should not determine whether punitive damages limitation is enforceable because the parties have clearly and unmistakably delegated that task to an arbitrator. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010) ("We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."); *Moore v. T-Mobile USA, Inc.*, 10 CV 527 (SLT), 2010 U.S. Dist. LEXIS 143874, at *10 (E.D.N.Y. Nov. 8, 2010) ("the question of whether the parties have agreed to arbitrate a specific controversy or even agreed to arbitration at all may be delegated to the arbitrator to decide").

This conclusion is consistent with rulings by other courts in this and neighboring districts. See *Suqin Zhu v. Hakkasan NYC LLC*, 291 F. Supp. 3d 378, 389 (S.D.N.Y. 2017)("Generally, the interpretation of specific provisions of the arbitration agreement are not questions of arbitrability and are reserved for the arbitrator."(citing *Tarulli v. Circuit City Stores, Inc.*, 333 F.Supp.2d 151, 158 (S.D.N.Y. 2004); Ciago v. Ameriquest Mortg. Co., 295 F.Supp.2d 324, 330 (S.D.N.Y. 2003)). Notably, in *Tiki Boatworks, LLC v. Crusin' Tikis, LLC*, the court observed that

> the arbitration agreement the parties signed determined to resolve all disputes arising out of their agreement in arbitration, and also agreed that the arbitrator could not award punitive damages. To permit Plaintiff to avoid arbitration by filing a Complaint in this court that sought damages the parties expressly agreed to forego would be to invalidate a valid arbitration agreement and undermine the purposes of the FAA. The Court does not have the power to do so.

No. 120CV907TJMDJS, 2021 WL 1198256, at *6 (N.D.N.Y. Mar. 30, 2021)

Given the terms of the EEDRA, Plaintiff's argument that the court must rule on the enforceability of the EEDRA's punitive damages provision before referral to arbitration must be rejected. The issue of the enforceability of the punitive damage provision is for an arbitrator to decide, not this court. That outcome is consistent with well-settled law on the issue and further compels the conclusion that this matter must be referred to arbitration to decide all claims presented by the Plaintiff, as well as any argument regarding the enforceability of the punitive damages provision.

DEFENDANTS,


By   /s/ Craig T. Dickinson
      Craig T. Dickinson (CD8380)
      FordHarrison LLP
      CityPlace II
      185 Asylum Street, Suite 820
      Hartford, CT 06103
      Tel #:   860-740-1355
      Fax #:  860-578-2075
      Email:  cdickinson@fordharrison.com

**CERTIFICATE OF SERVICE**

       This is to certify that on this 3rd day of April, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Jimmy Miguel Santos, Esq.
Law Offices of Jimmy M. Santos, PLLC
28 Wilson Place
Cornwall, NY 12518
jmssesq@gmail.com

                                                /s/ Craig T. Dickinson
                                                Craig T. Dickinson