UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JEANINE P. COHEN,  :
              Plaintiff,  :
v.  :
  :
WESTLAKE FLOORING SERVICES INC.;  :
WESTLAKE SERVICES LLC, doing business  :
as Westlake Financial Services; WESTLAKE  :
FLOORING COMPANY LLC; THE HANKEY  :
GROUP; JONATHAN ZHAN, in his individual  :       **OPINION AND ORDER**
and corporate capacity as SVP of Westlake  :
Flooring Company, LLC; JENNIFER FIORE, in  :       22 CV 7182 (VB)
her individual and corporate capacity as Director  :
of Sales & Field Operations at Westlake Flooring  :
Company, LLC; MEGAN FELDMETH, in her  :
individual and corporate capacity as Human  :
Resources Director for Westlake Financial  :
Services; and JOHN DOES 1–10, in their  :
individual and corporate capacities,  :
              Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Jeanine P. Cohen brings this action against her former employer, Westlake,[1] and several Westlake employees, alleging they discriminated against her because of her sex, paid her less than her male counterparts, and retaliated against her by terminating her employment after she complained of this discriminatory conduct.

    Before the Court is defendants' motion to compel arbitration and to stay or dismiss this action (Doc. #28), and plaintiff's application to sever two provisions of the arbitration agreement between her and Westlake as unconscionable. (Doc. #33).

---

[1]    In her complaint, plaintiff alleges defendants Westlake Flooring Services, Inc., Westlake Services LLC, Westlake Flooring Company LLC, and their parent company the Hankey Group constituted a single enterprise and joint employers of plaintiff. (Doc. #1 ¶¶ 2, 5, 6). Therefore, for ease of reference, the Court refers to those entities collectively in this Opinion and Order as "Westlake."

1

For the following reasons, the motion to compel arbitration and to stay or dismiss this action is GRANTED, and plaintiff's application to sever provisions from the arbitration agreement is GRANTED IN PART and DENIED IN PART.

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

### BACKGROUND

On January 6, 2023, defendants moved to compel arbitration and to stay or dismiss this action.  (Doc. #28).  In the motion, defendants argued plaintiff had agreed to arbitrate all disputes arising out of her employment.  (Doc. #28-3 (the "Arbitration Agreement")).

On February 10, 2023, plaintiff filed an "opposition" to defendants' motion, in which she advised the Court she had agreed to stay this lawsuit while the parties arbitrate her claims (see Doc. #34-3 (the "Arbitration Stipulation")), but asked that the Court sever two provisions of the Arbitration Agreement as unconscionable and therefore unenforceable.  (Doc. #33 ("Pl. Opp.")).

First, plaintiff seeks to sever a provision that precludes the arbitrator from granting "punitive or injunctive relief" to "Employee or Company."  (Arbitration Agreement § 1). Because she is subject to compulsory arbitration, plaintiff argues this limitation on the arbitrator's authority operates as a prospective waiver of plaintiff's statutory remedies, which she contends is unconscionable and against public policy.  (Pl. Opp. at 3).

Second, plaintiff seeks to sever a clause which provides that "claims by the Company for injunctive and/or other equitable relief for unfair competition and/or the unauthorized disclosure of trade secrets or confidential information" are not subject to the Arbitration Agreement. (Arbitration Agreement § 2 (the "Carve-Out Provision")).  Plaintiff contends this Carve-Out Provision is unfairly one-sided because it allows only Westlake to pursue injunctive relief, and is therefore unconscionable.  (Pl. Opp. at 5–6).

In response, defendants stated they did "not contest the issue regarding an arbitrator's ability to award injunctive relief," but did "not agree that the restriction on the award of punitive damages should be severed from the agreement." (Doc. #37 ("Def. Resp.") at 1). In addition, defendants contended any dispute concerning the enforceability of the punitive damages limitation must be decided by the arbitrator, not the Court, pursuant to a delegation provision in the Arbitration Agreement. The provision states, in relevant part:

> Any issue or dispute concerning the formation, applicability, interpretation or enforceability of this Agreement, including any claim or contention that all or any part of this Agreement is void or voidable, shall be subject to arbitration as provided herein. The arbitrator, and not any federal, state, or local court or agency, shall have authority to decide any such issue or dispute.

(Arbitration Agreement § 6). The Arbitration Agreement further provides that, if the arbitrator decides "any provision of this Agreement is . . . void or otherwise unenforceable, . . . such adjudication shall not affect the validity of the remainder of the Agreement." (Id.).

Defendants' response is silent as to plaintiff's request to sever the Carve-Out Provision.

## DISCUSSION

I. Punitive Damages

Defendants argue the arbitrator should determine whether the limitation on punitive damages in Section 1 of the Arbitration Agreement is enforceable because the parties clearly and unmistakably delegated this decision to the arbitrator.

The Court agrees.

A. Legal Standard

"[T]he question of who decides arbitrability is itself a question of contract" and parties may "agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability

3

questions as well as underlying merits disputes." Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 527 (2019).

"When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." Id. at 528. "The FAA thereby places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 67 (2010). "Like other contracts . . . they may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." Id. at 68.

Nevertheless, "absent a specific challenge [to a delegation provision], the delegation of the questions of unconscionability and enforceability of an arbitration agreement to an arbitrator must be upheld." Vargas v. Bay Terrace Plaza LLC, 378 F. Supp. 3d 190, 196 (E.D.N.Y. 2019); see also Rent-A-Center, West, Inc. v. Jackson, 561 U.S. at 72 (arbitration agreement with delegation provision empowered arbitrators to resolve claim that portions of arbitration agreement were unconscionable).

B.   Application

Section 6 of the Arbitration Agreement clearly and unmistakably grants the arbitrator authority to resolve questions respecting the enforceability of any part of the Arbitration Agreement.

Accordingly, because plaintiff challenges the enforceability of the punitive damages provision—and does not challenge the delegation provision—the Court "must treat [the delegation] as valid under § 2 [of the FAA], and must enforce it . . . leaving any challenge as to the validity of the Agreement as a whole for the arbitrator." Rent-A-Center, West, Inc. v. Jackson, 561 U.S. at 72. Moreover, Section 6 of the Arbitration Agreement gives the arbitrator

authority to modify the agreement, including severing the punitive damages provision if the arbitrator determines it is unenforceable.

Should plaintiff disagree with the arbitrator's ultimate decision, nothing prevents her "from moving to vacate an arbitration award in federal court pursuant to the provisions of the FAA."  Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 123 (2d Cir. 2010).

Accordingly, the Court will not sever from the Arbitration Agreement the provision in Section 1 precluding the arbitrator from awarding punitive damages.

II.     Injunctive Relief

Plaintiff argues for severance of two provisions of the Arbitration Agreement pertaining to injunctive relief: Section 1's limitation on the arbitrator awarding plaintiff injunctive relief, and the Carve-Out Provision.

First, because defendants do not contest plaintiff's arguments regarding the arbitrator awarding plaintiff injunctive relief, the Court GRANTS plaintiff's request to sever the phrase "or injunctive relief" from the penultimate sentence of Section 1 of the Arbitration Agreement.

Second, as to the Carve-Out Provision, defendants' response does not specifically address or oppose plaintiff's arguments to sever.  Accordingly, the Court could deem any objection to severance of this provision waived.  However, in light of the parties' clear and unmistakable delegation of all questions of enforceability to the arbitrator, and the lack of clarity on whether defendants consent to severance of the Carve-Out Provision, the Court denies plaintiff's request to server the Carve-Out Provision.

## CONCLUSION

The motion to compel arbitration and to stay or dismiss this case is GRANTED.

Plaintiff's application to sever certain provisions from the Arbitration Agreement is GRANTED IN PART and DENIED IN PART, as set forth above.

The parties are ORDERED to arbitrate their dispute.

This action is STAYED pending arbitration.

The Clerk is instructed to terminate the motion.  (Doc. #28).

The Clerk is further instructed to administratively close this case, without prejudice to any party moving by letter motion to reopen the case within thirty days of the conclusion of the arbitration proceedings.[2]

Dated: April 17, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[2]  See Zimmerman v. UBS AG, 789 F. App'x 914, 915–16 (2d Cir. 2020) (summary order) ("The district court's administrative closure of the case does not constitute a final decision:  there is no jurisdictional significance to a docket entry marking a case as 'closed,' which we will assume was made for administrative or statistical convenience.").